UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Matthew Lott,

        Petitioner,     Case Number: 2:19-13597
                                            Honorable Arthur J. Tarnow
v.

Sherman Campbell,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING
IN PART PETITIONER'S FIRST MOTION TO AMEND (ECF No. 7),
(2) DENYING SECOND MOTION TO AMEND (ECF No. 8),
(3) STAYING FURTHER PROCEEDINGS, AND (4) CLOSING CASE**

Petitioner Matthew Lott has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  Lott, who is presently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, challenges his convictions for multiple drug-related offenses, and two counts of assaulting a police officer.  Before the Court are Lott's two motions to amend his petition to add additional claims.  The Court denies the motions and stays further proceedings to allow Lott to exhaust state court remedies.

**I.**

Lott pleaded guilty in Shiawassee County Circuit Court to two counts of delivery or manufacturing a controlled substance, Mich. Comp. Laws § 333.7401(2)(b)(i); manufacturing a controlled substance, Mich. Comp. Laws § 333.7401c(2)(f); possession of a controlled substance, second or subsequent offense, Mich. Comp. Laws

§ 333.7403(b)(i ), Mich. Comp. Laws § 333.7413(2); purchase or possession of pseudoephedrine, Mich. Comp. Laws § 333.17766c(1)(d) (intent to manufacture methamphetamine); possession of a controlled substance less than 25 grams, Mich. Comp. Laws § 333.7403(2)(a)(v); possession of a controlled substance, Mich. Comp. Laws § 333.7403(2)(b)(ii) (controlled substance analogue); maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d); and two counts of assaulting a police officer, Mich. Comp. Laws § 750.81d(1) (resisting arrest).  He was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 15 to 60 years for each of his first five drug-related convictions, and to 46 to 180 months for each of the remaining convictions. *People v. Lott*, No. 334193, 2017 WL 6502773, at *2 (Mich. Ct. App. Dec. 19, 2017).

Following sentencing, Lott filed a motion to withdraw his plea on the grounds that he received no benefit from the plea agreement and that the trial court incorrectly scored offense variable 14 based on judicial fact-finding.  *Id.*  The trial court denied the motion.  *Id.*

The Michigan Court of Appeals granted Lott leave to appeal.  *See People v. Lott*, No. 334193 (Mich. Ct. App. Sept. 30, 2016).  Lott raised the same claims he raised in his motion to withdraw plea and an additional claim that he received ineffective assistance of counsel because he was represented by the same attorney as one of his codefendants and the trial court failed to follow the procedures required under Mich. Ct. Rule 6.005 for joint representation.  *Lott*, 2017 WL 6502773, at *4.  The Michigan Court of Appeals affirmed Lott's convictions and sentences.  *Id.*  The Michigan Supreme Court denied leave to appeal.  *People v. Lott*, 503 Mich. 912, 920 N.W.2d 118, 119 (2018).

Lott then filed the pending habeas corpus petition raising a single claim that his sentence violates the Sixth Amendment because it was based upon improper judicial fact-finding. Lott has also filed a request to stay his petition (ECF No. 3) and two motions to amend his petition. (ECF Nos. 7, 8).

## II.

Lott raises only a sentencing-related claim in his petition. He originally sought to stay the petition while he exhausted ineffective assistance of trial and appellate counsel claims in state court. (ECF No. 3.) Lott now withdraws his request for a stay and has filed two motions to amend his petition to include his unexhausted ineffective assistance of counsel claims.[1]

In February 2020, Lott filed a motion in the trial court seeking an evidentiary hearing to develop factual support for ineffective assistance of counsel claims. (ECF No. 7, PageID.50.) The trial court returned the motion without adjudication because the only relief available for Lott to challenge his conviction in the trial court was the filing of a motion for relief from judgment and Lott's pleading did not conform to the procedures for filing such a motion. (*Id.* at 51-53.) The trial court declined to construe the motion as a motion for relief from judgment and adjudicate it as such because state law limits a defendant to one motion for relief from judgment. (*Id.*)

Lott seeks to amend his petition to add ineffective assistance of counsel claims and asks the Court to remand to the trial court for an evidentiary hearing on these claims.

---

[1] The second motion is identical to the first and will be denied on that basis.

First, the Court will deny Lott's request for a remand because a federal district court lacks authority to remand a federal habeas corpus proceeding to state court. *Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000) ("It would be error for a federal court to 'remand' an action to the state appellate courts for the issuance of fuller findings to facilitate review under AEDPA or for a federal court to order any state court to issue fuller findings."). *See also Magwood v. Smith,* 791 F.2d 1438, 1449 (11th Cir. 1986) ("[A] federal district court or court of appeals has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts."); *Coombs v. Diguglielmo,* 616 F.3d 255, 265 n.10 (3d Cir. 2010) (holding that federal court "do[es] not have authority under the federal habeas statutes, 28 U.S.C. § 2241 or § 2254, to remand a habeas corpus petition to a state court for an evidentiary hearing").

Second, Federal Rule of Appellate Procedure Rule 15(a)(1)(A), allows a party to amend a petition once as a matter of course within "21 days after serving it … or 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Lott filed a motion to amend before service of his petition and is therefore entitled to amendment as a matter of course. Thus, the Court will allow Lott to amend his petition to add ineffective assistance of counsel claims.

Lott, however, may not proceed without first exhausting his claims in state court. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires habeas petitioners to exhaust their claims in state court before turning to a federal court for relief. 28 U.S.C. § 2254(b)(1). Each issue raised in a habeas petition must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion

requirement. *Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012). For a court to grant relief on the merits of an unexhausted claim, it would have to find either that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C § 2254(b)(1)(B).

Lott has an available avenue to exhaust his claims in state court. He may, as the state trial court advised, file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500, et seq., and then appeal the trial court's decision to the state appellate courts as necessary. There is no indication that this process is ineffective to protect Lott's rights.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). A stay is available if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 277-78.

In this case, a stay is warranted. First, dismissal of this case while Lott pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Lott's claim that his appellate attorney was ineffective for failing to raise these claims on direct appeal may constitute

5

good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the Court cannot conclude that the ineffective assistance of counsel claims are plainly meritless or that Lott has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of discretion to stay this proceeding.

### III.

For the reasons stated, the Court GRANTS IN PART AND DENIES IN PART Lott's first Motion to Amend (ECF No. 7). The Court GRANTS the request to amend the petition and DENIES the request to remand the case to state court for an evidentiary hearing.

The Court DENIES Lott's second Motion to Amend (ECF No. 8) because it is duplicative of the first motion.

The Court ORDERS the habeas petition STAYED and further proceedings in this matter held in ABEYANCE. Lott must commence post-conviction proceedings in state court within 90 days of the date of this order. If Lott is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to lift the stay, using the same caption and case number that appear on the first page of this order. The amended petition and motion to lift the stay must be filed within 90 days of exhausting state remedies.

If Lott wishes to abandon his unexhausted claims he may move to reopen this case and proceed only on the exhausted claim within 60 days of the filing date of this order.

The Court further ORDERS that the Clerk of Court shall administratively close this case.

SO ORDERED.

                                                                                s/Arthur J. Tarnow  
                                                                                ARTHUR J. TARNOW  
                                                                                UNITED STATES DISTRICT JUDGE

Dated: January 25, 2021